# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CORDELL NICHOLS**  **PETITIONER**
Reg. #29494-044

V.   CASE NO. 2:20-CV-59-JM-BD

**DEWAYNE HENDRIX, Warden,**
Federal Correctional Institution,
Forrest City, Arkansas   **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge James M. Moody, Jr. Either party may file objections with the Clerk of Court within 14 days if they disagree with the findings or conclusions in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

By not objecting, the parties may waive the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

In 2003, Cordell Nichols was found guilty by a jury of one count of possession with intent to distribute approximately 4.6 kilograms of heroin, in violation of 21 U.S.C. § 841(a), and one count of conspiracy to distribute in excess of one kilogram of heroin, in violation of 21 U.S.C. § 846. *United States v. Nichols*, 410 F.3d 1186 (10th Cir. 2005)

The district court sentenced Mr. Nichols to 360 months' imprisonment, followed by ten years of supervised release. *Id*. Mr. Nichols filed a direct appeal of his conviction and sentence, but the Tenth Circuit affirmed. *United States v. Nichols,* 374 F.3d 959 (10th Cir. 2004), *vacated by,* 543 U.S. 1113 (2005).

The United States Supreme Court summarily reversed and remanded Mr. Nichols's case for further consideration under *United States v. Booker*, 543 U.S. 220 (2005). *Nichols v. United States,* 543 U.S. 1113 (2005). On remand, the Tenth Circuit reinstated its opinion affirming Mr. Nichols's conviction and remanded the case to the district court for resentencing. *United States v. Nichols,* 410 F.3d 1186 (2005). The district court again sentenced Mr. Nichols to 360 months' imprisonment, followed by ten years of supervised release.[1] *United States v. Nichols*, 219 F. App'x 770, 772 (10th Cir. 2007). (Doc. No. 14-1)

Mr. Nichols appealed the new sentence, and the Tenth Circuit again affirmed. *United States v. Nichols,* 219 F. App'x. 770, 773 (10th Cir. 2007), *cert. denied*, 552 U.S. 934 (2007). The court declined to consider arguments Mr. Nichols raised under *Brady v.*

---

[1] At his resentencing hearing, Mr. Nichols objected to the two-level enhancement of his base offense level for possession of a firearm, which was proposed in the presentence report. He further objected to an enhancement for obstruction of justice. *United States v. Nichols*, 219 F. App'x 770, 772 (10th Cir. 2007). The district court noted the objections but overruled them for the same reasons it had overruled them at Mr. Nichols's first sentencing. *Id*. The district court then calculated Mr. Nichols's total offense level as thirty-eight, which, with a criminal history category of IV, yielded an advisory sentencing range under the United States Sentencing Commission, *Guidelines Manual*, of 324 to 405 months. *Id*.

*Maryland*, 373 U.S. 83 (1963) on appeal, because the issues were beyond the scope of its remand. *Id*.

Mr. Nichols filed a motion under 28 U.S.C. § 2255 with the sentencing court raising *Brady* issues as ineffective-assistance-of-counsel and prosecutorial misconduct claims. *United States v. Nichols*, 447 F. App'x 13, 18 (10th Cir. 2011). The district court denied § 2255 relief and denied a certificate of appealability. *Id*. at 19. Mr. Nichols sought, but was denied, a certificate of appealability from the Tenth Circuit. *Id*. at 22.

In 2016, Mr. Nichols sought authorization from the Tenth Circuit to file a second or successive petition under 28 U.S.C. § 2255 to challenge his 2003 convictions. The court denied the request, finding that neither of his claims relied on a new rule of constitutional law made retroactive or cited newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. Order, at pp. 3-4, *In re Cordell Nichols*, No. 16-3072 (May 3, 2016).

Mr. Nichols, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) He claims that, under the First Step Act, a prior conviction the sentencing court considered in applying a sentencing enhancement no longer qualifies as a "serious drug felony." (Doc. No. 1 at p. 4) Mr. Nichols claims that his sentence, therefore, is "now unconstitutional and should be immediately vacated." (Doc. No. 1 at pp. 4, 5)

Warden Hendrix asks the Court to deny the petition because, "Section 401 of the [First Step] Act changed the description of qualifying convictions and the penalties in the

drug trafficking statute" but only for sentences imposed after December 21, 2018. (Doc. No. 14 at p. 3) He argues that courts that have considered the issue have held that section 401 of the First Step Act does not apply retroactively. (Doc. No. 3)

### III.    Jurisdiction:

The Court lacks jurisdiction to hear Mr. Nichols's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005)). A federal district court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959.

To invoke the savings clause, Mr. Nichols must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). This exception, however, is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), *cert. denied*, 537 U.S. 869 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit an inmate to file under § 2241.

*Lopez-Lopez*, 590 F.3d at 907. Moreover, a remedy under § 2255 is not deemed inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and rejected as a second or successive § 2255 petition, or because a § 2255 petition was time-barred. *Id.*

In this petition, Mr. Nichols clearly challenges his sentence. His direct appeal was successful, and he was resentenced. But his first § 2255 motion was not successful, and both the district court and the Tenth Circuit denied a certificate of appealability. Nonetheless, Mr. Nichols's unsuccessful § 2255 motion does not render a § 2255 motion an inadequate or ineffective remedy for him. See *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)) (§ 2255 motion is not inadequate or ineffective merely because the sentencing court denied relief, or because the court denied permission to file a second or successive petition).

Additionally, a § 2255 motion is not inadequate or ineffective merely because a new law or constitutional doctrine that could reduce a federal prisoner's sentence cannot be applied retroactively.[2] *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

---

[2] Mr. Nichols claims relief under Section 401 of the First Step Act, but several courts have held that Section *404* is the only section of the First Step Act that applies retroactively. See *United States v. Fields*, No. 02-CR-02262 JAP, 2019 WL 1900373, at 3 (D.N.M. Apr. 29, 2019) (acknowledging that section 401 reduced the mandatory minimums that apply when there is an enhancement under 21 U.S.C. § 851 and amended the definition "serious drug felony," but rejecting petitioner's claim for relief because, "unlike Section 404 of the First Step Act, Section 401 does not apply retroactively, and the enhancement stands."); *United States v. Bagby*, No. 10-CR-0134-CVE, 2020 WL

Mr. Nichols's § 2241 petition is a successive § 2255 motion. Because he has already challenged his sentence through an earlier § 2255 motion, he is advised that, before he is eligible to file another motion, he must seek and receive an order from the Tenth Circuit Court of Appeals authorizing the sentencing court to consider the motion. 28 U.S.C. § 2255(h).

Because the Court lacks jurisdiction, it should not address Mr. Nichols's claim that his sentence is unconstitutional.

## IV.  Conclusion:

The Court recommends that Judge Moody DISMISS, without prejudice, Cordell Nichols's petition for writ of habeas corpus (Doc. No. 1) for lack of jurisdiction and deny his motion to expand the record (Doc. No. 16) as moot.

DATED this 10th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

1527984, at FN1 (N.D. Okla. Mar. 31, 2020) (same); *United States v. Amphavannasouk*, No. CR 03-40111-4, 2019 WL 6895946, at 2 (D.S.D. Dec. 18, 2019) (citing *United States v. Gonzalez-Oseguera*, 2019 WL 1270916, at 1 (D. Haw. March 19, 2019)) ("Section 404 is the only provision that applies retroactively to defendants who have already been sentenced").